**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RANDALL MONK,

    Defendant-Appellant.

No. 96-2034

(D.C. No. CR-95-270-JC)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before PORFILIO, McWILLIAMS, and BALDOCK, Circuit Judges.

After being charged with the March 25, 1995 robbery of a Farmington, New Mexico bank, 18 U.S.C. § 2113(a) and (d), Defendant-Appellant Randall Monk pleaded guilty to aiding and abetting the offense on October 26, 1995. Defendant was subsequently sentenced to 64 months imprisonment. In this appeal, Defendant alleges that the district court improperly elevated his offense level for obstruction of justice. Possessing jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. Cir. R. 36.3.

The only question presented in this appeal is whether the district court clearly erred when it found that Defendant obstructed justice within the meaning of United States Sentencing Guideline § 3C1.1. Defendant claims that the Government failed to carry its burden of proof to show that he made a materially false statement to a law enforcement officer that significantly obstructed or impeded an investigation. See United States v. Rowlett, 23 F.3d 300, 305 (10th Cir. 1994). See also U.S. Sentencing Guidelines Manual § 3C1.1 application notes 3(g) and 4(b). Moreover, Defendant argues that he actually facilitated his prosecution by making incriminating statements and thus could not have obstructed justice. Highlighting the fact that the burden of proof is merely a preponderance of the evidence, the Government responds that the evidence introduced at the sentencing hearing was sufficient to support a finding of obstruction of justice.[1]

The obstructionist behaviors alleged by the Government are that Defendant claimed that other people had worn his clothes on the day of the crime, other people had driven his car on the day of the crime, and other people had stolen and used a bank robbery demand note that he had written as a joke. The Government claims that these statements necessitated the investigation of each of the named individuals and complete checks of their backgrounds and whereabouts. Defendant responds that the Federal

---

[1] While we find that the district court did not clearly err in finding that Defendant obstructed justice, we are troubled by the Government's poor presentation of evidence at the sentencing hearing. Had the Government been more conscientious in its handling of this matter at the district court level, it would have been unlikely that valuable resources would have been consumed by this appeal.

Bureau of Investigation would have fully investigated these individuals absent Defendant's statements because they had lived with or associated with him.

We believe that the Government has the better argument. Prior to Defendant's assertions that there had been a conspiracy to rob the bank, no evidence existed which would have led to a conclusion other than one that the robbery had been perpetrated by one man acting alone. However, after Defendant proffered his allegations, it was incumbent upon the Bureau to do a thorough investigation in order to support the Government's case against the Defendant.

Accordingly, after reviewing the district court judgment, the briefs, and the record before us along with hearing oral argument, we find that the district court did not clearly err in finding that Defendant's sentence should be enhanced for obstruction of justice.

AFFIRMED.

Entered for the Court,

Bobby R. Baldock
Circuit Judge